FILED
CLERK, U.S. DISTRICT COURT
12/12/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00618-SVW |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 666(a)(2): Bribery Concerning Programs Receiving Federal Funds] |
| AKIVA GRUNEWALD, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 666(a)(2)]

A.  THE MANZANITA BAND OF THE KUMEYAAY NATION

At times relevant to this Information:

1. The Manzanita Band of the Kumeyaay Nation was a federally recognized tribe ("Manzanita Tribe").

2. The reservation for the Manzanita Tribe ("Manzanita Reservation") was located in southeastern San Diego County, California.

3. The Manzanita Tribe received federal assistance in excess of $10,000 for each of the calendar years 2017, 2018, and 2019 in the form of federal grants from the U.S. Department of Interior, Bureau of Indian Affairs, Office of Self Governance.

4. In 2012, Chief A, who was not a member of the Manzanita Tribe, founded the Manzanita Tribal Police Department ("Manzanita PD"), and thereafter served as its Chief of Police until 2018, when he stepped down in title only.

5. In February 2020, the Manzanita Tribe terminated the Manzanita PD and its relationship with Chief A.

B.  THE BADGES-FOR-MONEY SCHEME

At times relevant to this Information:

6. Beginning in or around 2016, Chief A and other members of the Manzanita PD ("recruiters") began to solicit wealthy individuals in the Los Angeles area to become members of the Manzanita PD, including defendant AKIVA GRUNEWALD. Defendant GRUNEWALD had no law enforcement experience before joining the Manzanita PD. Chief A and other recruiters would refer to these wealthy individuals as the "VIP Group," the "ghostriders," or the "Admin Bureau." Typically, these individuals were asked to make a large payment, ranging from $5,000 to $100,000, and sometimes styled as a "donation," in exchange for membership in the Manzanita PD. The individuals who made the payments, including defendant GRUNEWALD, believed that a Manzanita PD badge could grant the holder privileges in connection with the purchase and carrying of firearms, including the ability to carry concealed firearms in California and elsewhere.

7. Members of the VIP Group were not expected to perform any law enforcement services for the Manzanita PD and many never visited the Manzanita Reservation at all. To further conceal the scheme, Chief A and other recruiters sometimes would ask the VIP Group to enroll in California POST programs.

8.   Chief A set up an office space for the Manzanita PD in an office building in El Segundo, California, in Los Angeles County, within the Central District of California, which was approximately 177 miles and a several hour drive to the Manzanita Reservation in San Diego County.  The office space was located inside the space used by a limousine and car service company.  Neither the office space nor the limousine and car service company had any affiliation with or relationship to the Manzanita Tribe.

9.   At no time was any member of the Manzanita PD also a member of the Manzanita Tribe.  At no time was the Manzanita PD recognized by the Bureau of Indian Affairs ("BIA") or the State of California as a cross-deputized police department with federal or state law enforcement authority.  At no time did members of the Manzanita PD have the authority to identify themselves either as federal law enforcement officers, state law enforcement officers, or peace officers, and at no time did the Manzanita PD have the authority to engage in any law enforcement activities off the Manzanita Reservation.

10.   Chief A and others issued badges and credentials reflecting membership to the Manzanita PD, including defendant GRUNEWALD.  Most members of the Manzanita PD, including defendant GRUNEWALD, lived in the Los Angeles area, hours away from the Manzanita Reservation.  While off the Manzanita Reservation, many persons who purchased Manzanita PD memberships, including defendant GRUNEWALD, sought to avail themselves of privileges available to federal and state law enforcement officers, including using Manzanita PD credentials to acquire firearms and carry concealed firearms.

//

C.   DEFENDANT'S PAYMENT FOR A BADGE

11.   On or about July 31, 2018, in Los Angeles County, within the Central District of California, defendant AKIVA GRUNEWALD corruptly gave, offered, and agreed to give something of value to Chief A, the Chief of Police for the Manzanita Tribal Police Department and an agent of the Manzanita Band of Kumeyaay Nation, which received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance during the one-year period from January 2018 to January 2019, intending to influence and reward Chief A in connection with a business, transaction, and series of transactions of the Manzanita Band of Kumeyaay Nation having a value of $5,000 or more.  Specifically, defendant GRUNEWALD corruptly gave, offered, and agreed to give to Chief A $20,000 via a personal check written to Chief A, intending to influence and reward Chief A in

//

//

1  connection with Chief A using his official position to issue a tribal
2  law enforcement badge and credentials to defendant GRUNEWALD.

E. MARTIN ESTRADA
United States Attorney

/s/ Mack E. Jenkins

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Public Corruption and
Civil Rights Section

CASSIE D. PALMER
Assistant United States Attorney
Deputy Chief, Public Corruption
and Civil Rights Section

FRANCES S. LEWIS
Assistant United States Attorney
Public Corruption and Civil
Rights Section